UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL K. CHESTANG,<br><br>    Petitioner,<br><br>    v.<br><br>SWARTHOUT,<br><br>    Respondent. | No.  2:14-cv-0621-JAM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He challenges a prison disciplinary conviction that he received in 2012 for possession of a controlled substance.  He seeks relief on due process grounds, claiming that the evidence was insufficient to support the conviction and that it was improper to punish him by changing his work and privilege assignments.  Upon careful consideration of the record and the applicable law, it is recommended that petitioner's application for habeas corpus relief be denied.

**I.     Background**

On August 17, 2012, Correctional Officer T. Guadiana wrote a rules violation report (RVR) charging petitioner with "Possession of A Controlled Substance," in violation of Cal. Code Regs. tit. 15, § 3016(a). ECF No. 12-2 at 13.[1]   Officer Guadiana alleged that:

---

[1] For ease of reference, all references to page numbers are to those assigned via the court's electronic filing system.

1

> On 08-17-12, at approximately 1303 hours, CSP-Solano received test results from Bureau of Forensic Services, Office of the District Attorney, indicating a Positive Test for a Green Leafy Substance that was submitted and confirmed to be Marijuana. Bindle #1, Bundle #2, Bindle #3 a total net weight inclusive of packaging, 3.00 grams, a useable amount. The Substance was tested as a result of the following:
>
> On Thursday, June 14, 2012, at approximately 1145 hours while working as Building 2 2nd Tier Officer, I approached Inmate Perez (F-38618, 202-L), at the counselors clerk's desk on the dayroom floor because his pants were sagging. I ordered Inmate Perez to pull them up, at which time he started being argumentative. His behavior seemed odd and unwarranted so I advised him that my partner would be performing an unclothed body search. At which time Inmate Perez appeared to pass something to Inmate Chestang (J-10643, 2-126-U), the counselors clerk, who was seated at his work station. I ordered Inmate Chestang to leave the desk area. I searched the desk and found in the top right drawer, the first of three (3) bindles of a green leafy substance. The 1st bindle was wrapped in cellophane.
>
> Upon the conclusion of the search of the desk, I began a search of Inmate Perez's cell, with negative results. I proceeded to search Inmate Chestang's cell. While searching the top shelf belonging to Inmate Chestang, I found a dark blue colored plastic tape dispenser. Inside the dispenser was a small bindle of a green leafy substance wrapped in a small piece of white paper, a bindle of a unknown substance wrapped in a piece of yellow latex glove, and three (3) torn pieces of paper with numbers and $100 written on them. I retrieved the contraband and placed it in my jumpsuit pocket. I advised Inmate Chestang of his Miranda Rights at which time he stated he fully understood his rights. I also advised Inmate Chestang of the Controlled Substance Identification Field Test Waiver, at which time he elected not to accept out test results. I marked the 1st bindle with a piece of white correction tape, containing the 1st Inmates name (Perez), CDCR number (F-38618), the 2nd Inmates name (Chestang), CDCR number (J-10643), todays date (06-14-12) and my initials (TLG). Then I marked the 2nd and 3rd bindles and the container I found them in with the Inmates name (Chestang), CDCR number (J-10643), today's date (06-14-12) and my initials (TLG), and placed all the evidence in a paper bag, then placed the bag in evidence locker #21 with a copy of my report. This concludes my report.

ECF No. 12-2 at 12-13.

The disciplinary hearing on the rules violation report was held on September 4, 2012. *Id.* at 21. Officer Guadiana's report was disclosed to petitioner at least 24 hours in advance of the hearing. *Id.* Petitioner appeared at the hearing and stated he was ready to proceed. *Id.* at 22. Petitioner did not meet the criteria for the assignment of an investigative employee or a staff assistant, so neither was assigned to him. *Id.* At the hearing, the charge against petitioner was read to him. *Id.* at 21. Petitioner pled not guilty to the charge, stating: "I live in 2-128. They

2

have me in 126 and 128, which cell did she find that in? It wasn't mine, you can see the statement from my witness. He takes responsibility for the drugs. I was just sitting at my desk working." *Id.* at 23. The senior hearing officer (SHO) granted petitioner's request to have inmate Perez present as a witness. *Id.* at 22. Inmate Perez admitted to possessing the marijuana that was confiscated by Officer Guadiana from the clerk's desk. *Id.*

Petitioner was found guilty of a violation of Cal. Code Regs. tit. 15, § 3016(a) based upon the allegations by Officer Guadiana contained in the RVR; the toxicology report confirming the green leafy substance to be a useable amount of marijuana; and a determination that that the RVR's error in identifying petitioner's housing assignment was merely typographical. *Id.* at 23. Petitioner was assessed a forfeiture of 140 days of worktime credits and sixty days of "A1/C" status. *Id.*

Petitioner subsequently challenged his disciplinary conviction in a petition for writ of habeas corpus filed in the Solano County Superior Court. *Id.*, Ex. 1. The Superior Court denied the petition, reasoning as follows:

> On June 5, 2013, Petitioner Daniel Chestang filed this petition for writ of habeas corpus. Petitioner was issued a rule violation report (RVR) and found guilty at a prison disciplinary hearing for possessing a controlled substance. Petitioner challenges the outcome of his disciplinary hearing, arguing that there is no evidence to support that he was in possession of the contraband. He also claims that his due process rights were violated because Officer Guadiana wrongly wrote down his cell number. Finally, he argues that the senior hearing officer (SHO) improperly punished him by assessing 60 days of "A1/C status."
>
> The decision of the hearing officer is supported by some evidence in the record. (*Superintendent v. Hill* (1985) 472 U.S. 445, 454-55 (hereafter *Hill*); *In re Zepeda* (2006) 141 Cal.App.4th 1493, 1497.) In this case, Correctional Officer Guadiana found drugs, not just in Petitioner's work desk, but also in Petitioner's cell, hidden inside a tape dispenser. This is some evidence that supports the finding of guilt. In reviewing disciplinary decisions, court do not examine the entire record, evaluate the credibility of witnesses, or reweigh the evidence. (*Hill, supra*, 472 U.S. at p. 455.)
>
> Petitioner's claim that his due process rights were violated because Officer Guadiana wrongly wrote down his cell number lacks merit. The SHO and the Third Level appeal decision both indicate that this was merely a typographical error. Petitioner sets out no reason, evidence, or authority to support that he is entitled to any relief because of this.

3

> Finally, Petitioner's claim that the SHO improperly punished him by assessing 60 days of "A1/C status" is moot. (*See, e.g., Frias v. Superior Court* (1975) 51 Cal.App.3d 919, 923-24.) The punishment complained of was effective from September 4, 2012 to December 3, 2012. Petitioner does not allege that he is still subject to this punishment. There is no relief that this Court can provide.
>
> The petition for writ of habeas corpus is DENIED.

*Id.*, Ex. 3.

Petitioner subsequently challenged his disciplinary conviction in petitions for a writ of habeas corpus filed in the California Court of Appeal and California Supreme Court. *Id.*, Exs. 8, 10. Those petitions were summarily denied. *Id.*, Exs. 9, 11.

## II.     Standards of Review Applicable to Habeas Corpus Claims

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. *See Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Park v. California*, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. *Thompson v. Runnels*, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing *Greene v. Fisher*, ___ U.S. ___, 132 S.Ct. 38 (2011); *Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011) (citing *Williams v.*

4

*Taylor*, 529 U.S. 362, 405-06 (2000)).  Nonetheless, "circuit court precedent may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." *Stanley*, 633 F.3d at 859 (quoting *Maxwell v. Roe*, 606 F.3d 561, 567 (9th Cir. 2010)).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. *Price v. Vincent*, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[2] *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Williams*, 529 U.S. at 413; *Chia v. Cambra*, 360 F.3d 997, 1002 (9th Cir. 2004).  In this regard, a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 412; *accord Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer*, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*,131 S. Ct. at 786-87.

---

[2] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." *Stanley*, 633 F.3d at 859 (quoting *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004)).

5

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. *Delgadillo v. Woodford*, 527 F.3d 919, 925 (9th Cir. 2008); *see also Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

In reviewing a federal habeas petition, the federal court looks to the last reasoned state court decision as the basis for the state court judgment. *Stanley*, 633 F.3d at 859; *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. *Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Richter*, 131 S. Ct. at 784-85. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." *Id*. at 785 (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. *Johnson v. Williams*, 133 S. Ct. 1088, 1091 (2013).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). *Stanley*, 633 F.3d at 860; *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." *Himes*, 336 F.3d at 853. Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." *Richter*, 131 S. Ct. at 784.

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. *Stanley*, 633 F.3d at 860; *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006); *Nulph v. Cook*, 333 F.3d 1052, 1056 (9th Cir. 2003).

**III.    Petitioner's Claims**

Petitioner alleges that the disciplinary decision violates his due process rights because it lacks evidentiary support, claiming that inmate Perez's statement absolves him of guilt, and that Officer Guadiana's report is "falsified" given her misidentification of his cell number. ECF No. 1 at 6-8. Petitioner also claims that he was removed from his job assignment and placed on "A1/C status" in violation of due process.[3] *Id.* at 9-10.

It is well established that inmates subjected to disciplinary action are entitled to certain procedural protections under the Due Process Clause but are not entitled to the full panoply of rights afforded to criminal defendants. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *see also Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). The Ninth Circuit has observed that prison disciplinary proceedings command the least amount of due process along the prosecution continuum. *United States v. Segal*, 549 F.2d 1293, 1296-99 (9th Cir. 1977).

An inmate is entitled to advance written notice of the charge against him as well as a written statement of the evidence relied upon by prison officials and the reasons for any disciplinary action taken. *See Wolff*, 418 U.S. at 563. An inmate also has a right to a hearing at which he may "call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id.* at 566. *See also Ponte v. Real*, 471 U.S. 491, 495 (1985). The disciplinary hearing must be conducted by a person or body that is "sufficiently impartial to satisfy the Due Process Clause." *Wolff*, 418 U.S. at 571.

/////

---

[3] The codes "A1/C" refer to petitioner's work group and privilege group. Cal. Code Regs. tit. 15, § 3044(b), (f). Work group "A-1" reflects a full-time assignment. *Id.* at § 344(b)(2). Privilege group "C" reflects reduced access to overnight family visits, canteen purchases, telephone calls, yard access, and personal packages. *Id.* at § 3044(f)(2); *see also id.* at § 3177.

The decision rendered on a disciplinary charge must be supported by "some evidence" in the record. *Hill*, 472 U.S. at 455. A finding of guilt on a prison disciplinary charge cannot be "without support" or "arbitrary." *Id.* at 457. The "some evidence" standard is "minimally stringent," and a decision must be upheld if there is any reliable evidence in the record that could support the conclusion reached by the fact finder. *Powell v. Gomez*, 33 F.3d 39, 40 (9th Cir. 1994) (citing *Hill*, 472 U.S. at 455-56 and *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987)). *See also Burnsworth v. Gunderson*, 179 F.3d 771, 773 (9th Cir. 1990); *Zimmerlee v. Keeney*, 831 F.2d 183, 186 (9th Cir. 1987). Determining whether this standard is satisfied in a particular case does not require examination of the entire record, independent assessment of the credibility of witnesses, or the weighing of evidence. *Toussaint v. McCarthy*, 801 F.2d 1080, 1105 (9th Cir. 1986), *abrogated in part on other grounds* by *Sandin v. Connor*, 515 U.S. 472 (1995). Indeed, in examining the record, a court is not to make its own assessment of the credibility of witnesses or re-weigh the evidence. *Hill*, 472 U.S. at 455. The question is whether there is any reliable evidence in the record that could support the decision reached. *Toussaint*, 801 F.2d at 1105.

The due process requirement that a disciplinary conviction must be supported by "some evidence" that is "reliable" and not "arbitrary" has been satisfied in this case. Petitioner's conviction was based on Officer Guadiana's discovery of marijuana in petitioner's work desk, and hidden in a tape dispenser in his cell. The disciplinary hearing officer recognized that there were errors in reporting petitioner's cell number, but noted that Officer Guadiana correctly identified petitioner by his CDCR number and that a report authored by a different correctional officer identified the cell searched by Officer Guadiana as cell number 2-218-U, petitioner's correct cell assignment. ECF No. 12-2 at 23. The hearing officer therefore found that the incorrect information was a typographical error. *Id.*

Petitioner claims that the evidence was insufficient in light of inmate Perez's claimed responsibility for the marijuana that Officer Guadiana found in the desk drawer. ECF No. 1 at 6-7; ECF No. 13 at 3, 5. However, in reviewing petitioner's due process claim, this court must accept the hearing officer's assessment of the credibility of witnesses and may not make its own assessment or re-weigh the evidence. *Hill*, 472 U.S. at 455. The result of a prison disciplinary

8

proceeding will be overturned by a federal court "only where there is no evidence whatsoever to support the decision of the prison officials." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994). That is not the case here. Officer Guadiana's report, standing alone, is sufficient to support petitioner's disciplinary conviction for possession of a controlled substance. *See Ruelas v. Zuercher*, No. 07-1140, 2007 WL 1991166, *2 (10th Cir. July 11, 2007) (incident report supported the disciplinary hearing officer's finding of guilt and due process requirements were thus satisfied); *Rhatigan v. Ward*, No. 05-6388, 2006 WL 1851222, *2 (10th Cir. July 6, 2006) (investigating officer's report constituted "some evidence" to support a disciplinary conviction for possession of contraband); *Ellington v. Salinas Valley State Prison*, No. CV 13-1602 ABC (AN), 2013 WL 1498913, at *3 (C.D. Cal. Mar. 15, 2013) ("[T]he RVR overwhelmingly establishes the SHO's findings were supported by 'some evidence in the record.'"); *Dunn v. Swarthout*, 2:11-cv-2731 JAM GGH P, 2013 WL 876410, at *8 (E.D. Cal. May 7, 2013) ("Furthermore, some evidence is supplied by the RVR which refers to the CDCR 115 wherein petitioner admitted to being in a physical altercation with his cellmate[.]") Even accepting petitioner's argument that the statement from inmate Perez supports his claim of innocence, there is still "some evidence" to support the hearing officer's determination of guilt.

Petitioner also argues that the determination of guilt "cannot stand" because Officer Guadiana's report states that the marijuana was found in cell "2-126," and not cell "2-128," where petitioner was housed at the time in question. ECF No. 1 at 8; ECF No. 13 at 2. As noted, the hearing officer recognized that Officer Guadiana had correctly identified petitioner by his CDCR number and that another report arising from the same incident included the cell number assigned to petitioner. ECF No. 12-2 at 23. The hearing officer therefore found that the cell number included in Officer Guadiana's report was simply a typographical error. *Id.* In light of this explanation, the state superior court reasonably concluded that petitioner was not entitled to relief on this basis, and that the disciplinary decision was supported by some evidence.

Petitioner also claims he is entitled to federal habeas relief because he was removed from his prison job assignment and placed on "A1/C status." ECF No. 1 at 9-10; ECF No. 13 at 4.
/////

9

Petitioner fails to state a cognizable claim on either basis because he has no federally protected liberty interest in a prison job assignment or prison privileges. *James v. Quinlan*, 866 F.2d 627, 630 (3rd Cir.), *cert denied*, 493 U.S. 870 (1989); *Baxter v. Palmigiano*, 425 U.S. 308, 323-24 (1976). Petitioner also fails to identify any clearly established Supreme Court authority establishing due process rights to prison job assignments or privileges. *See* 28 U.S.C. § 2254(d)(1). And to the extent petitioner is claiming that his punishment does not comport with state regulations or the due process requirements of state law, his claim is not cognizable in federal habeas corpus proceedings. *See Wilson v. Corcoran*, 131 S. Ct. at 16; s*ee also Waddington v. Sarausad*, 555 U.S. 179, 192 n.5 (2009) ("[W]e have repeatedly held that 'it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

**IV.     Conclusion**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED:  April 3, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE